UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:04-cr-00013-SEB-DML |
| ) | |
| DARRYL BRYANT, ) | |
| ) | |
| Defendant. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Sarah Evans Barker on May 15 and August 2, 2013, designating this Magistrate Judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed with the Court on May 8 and August 1, 2013, (the "Petitions") and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). An Initial Hearing on the Petition filed on May 15th was held on July 19, 2013. A Detention and Revocation hearing on the May 15th petition was scheduled for July 22, at which time the parties requested a continuance and the matter was reset for August 5, 2013. An Initial Hearing on the Supplemental Petition filed on August 1st and a Revocation Hearing on both petitions were held on August 5, 2013. All of these hearings were held in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

At each hearing Mr. Bryant appeared in person with his appointed counsel, Brendan McLeod. The government appeared by Zachary A. Myers, AUSA, via telephone at the hearing on July 19, and in person on July 22. The Government appeared by Nicholas E. Surmacz, on

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* Title 18 U.S.C. §3401(e).

behalf of Zachary A. Myers, Assistant United States Attorney at the hearing on August 5, 2013. U.S. Parole and Probation appeared at each hearing by Brian L. Bowers, U.S. Probation Officer, who participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

    1. At the Initial Hearing on July 19, 2013, Brendan McLeod was present and appointed by the Court to represent Mr. Bryant in regard to the pending Petition.

    2. Copies of the Petitions were provided to Mr. Bryant and his counsel at the initial hearings on the respective petitions. At that time, counsel informed the Court that they had read and understood the violations listed in the Petitions and waived further reading thereof.

    3. Mr. Bryant was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the Petitions.

    4. Mr. Bryant was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

    5. Mr. Bryant was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

    6. Mr. Bryant was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. Bryant had violated an alleged condition or conditions of his supervised release set forth in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designations.

    7. At the Initial Hearing on July 19, 2013 Mr. Bryant executed a written waiver of the preliminary hearing regarding the Petition filed on May 15, 2013, which was accepted by the Court. While the Government did not seek detention of the defendant, the U.S. Probation Office

recommended detention of the defendant.  The Court, therefore, set a Detention Hearing in the matter for July 22, 2013 and released the defendant from the custody of the U.S. Marshal pending said hearing.

8.  On July 22, 2013, the parties appeared and advised the court that they had entered into negotiations to resolve the matter which would render the issue of detention moot.  The defendant orally requested a continuance to review the proposed resolution.  The request was granted by the Court and the Final Revocation Hearing was reset for August 5, 2013 at 10:00 AM.

9.  On August 1, 2013, the U.S. Probation Office filed a Supplemental Petition for Warrant for Offender Under Supervision and a warrant was issued for defendant's arrest.

10.  On August 5, 2013, the parties appeared in person for the Initial Hearing on the Supplemental Petition filed on August 1, 2013 as well as the Final Revocation Hearing regard the Petition filed on May 15, 2013.

11. At that time Mr. McLeod stated Mr. Bryant's readiness to waive the preliminary examination and proceed with the revocation hearing on both Petitions.  Mr. Bryant then executed a written waiver of preliminary hearing regarding the Supplemental Petition, which was accepted by the Court.

12.  The parties then advised the Court they had reached an agreement as to the recommended disposition which they wished to submit to the Court.

13. Mr. Bryant, by counsel, then stipulated that he committed Violations Numbers 1 through 7 set forth in the Petitions as follows:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

| | |
|---|---|
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

The offender tested positive for marijuana on March 14 and April 9, 2013. However, on March 27, 2013, a urinalysis tested negative for illegal substances, which indicates the two positive test results were separate incidents of drug use.

As previously reported to the Court, the offender tested positive for marijuana on August 3 and September 16, 2011, February 15, February 23, February 28, March 6, March 15, March 19, April 3 and April 21, 2012.

| | |
|---|---|
| 4 | **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."** |

The offender failed to report for drug testing on December 20, 2012, January 17, 2013, and January 18, 2013.

| | |
|---|---|
| 5 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| 6 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician."** |

The offender tested positive for marijuana on May 9, 2013. It is noted this result was not known at the time of the pending violation of supervised release (see Petition for Warrant or Summons for Offender Under Supervision filed May 15, 2013).

On July 18, 2013, the offender was arrested on a warrant for the previously mentioned petition. During the arrest, a cellular phone was seized for examination that contained evidence of criminal activity and noncompliance with supervision conditions. On August 1, 2013, a search was executed at the offender's residence, resulting in the discovery of

|   |   |
|---|---|
|   | electronic scales containing marijuana residue, two packages of rolling papers, and marijuana residue in his bathroom and in a spare bedroom. |
| **7** | **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."** |
|   | During the search on August 1, 2013, officers recovered a BC Entities synthetic urine kit, commonly used to defeat drug testing efforts. It is noted the offender submitted urine specimens on July 25 and May 5 and July 25, 2012, as well as June 19, 2013, which resulted in "invalid" results. On March 15 and 19, 2012, he submitted urine specimens that initially resulted in invalid results but were later confirmed to be positive for marijuana. |

The Court placed Mr. Bryant under oath and directly inquired of Mr. Bryant whether he admitted the violations of his supervised release as set forth above. Mr. Bryant stated that he admitted the above violations. The Court specifically inquired of Mr. Bryant whether he was making these admissions voluntarily and free from any duress, promises or undue influence. The Court further advised Mr. Bryant that the Court was not bound by any particular plea agreement made between the United States and Defense Counsel. All of which Mr. Bryant acknowledged affirmatively.

The Court finds the admissions were knowingly and voluntarily entered into and that there was a basis in fact for the revocation regarding Violations No. 1 through 7 of the Petitions.

Counsel for the parties further stipulated to the following:

1) Mr. Bryant has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2) The most serious grade of violation committed by Mr. Bryant constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Bryant is 12-18 months, and the statutory maximum sentence of imprisonment is 24 months.

4) The appropriate disposition of the case would be: (a) that Mr. Bryant's supervised release should be revoked; and (b) that Mr. Bryant should be sentenced to a term of imprisonment of 12 months and 1 day at the Bureau of Prisons with no term of supervised release to follow.  The Defendant shall self-surrender to the Bureau of Prisons upon notification of his designation.

The Court, having heard the admissions of the Defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the Defendant, DARRYL BRYANT, violated the specified conditions of supervised release as delineated above and in the Petitions. The Defendant's supervised release is therefore **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day, with no term of supervised release to follow.  The Defendant shall self-surrender to the Bureau of Prisons upon notification of his designation.

Counsel for the parties and Mr. Bryant stipulated in open court a waiver of the objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D. Ind. L.R. 72.1 (d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Bryant entered the above stipulation and waiver after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Bryant's supervised release and imposing a sentence of imprisonment of 12 months and 1 day in the custody of the Attorney General or his designee with no term of supervised release to follow.

IT IS SO RECOMMENDED this 6th day of August, 2013.

Michael G. Naville, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel via CM/ECF

U.S. Marshal
U.S. Probation